

ENTERED
12/27/2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| RUSSEL W. EDGLEY and, <br> LENDA M. EDGLEY, | ) CASE NO. 06-80163-G3-13 |
| Debtors, | ) |

## MEMORANDUM OPINION

The court has held a hearing on the "Chapter 13 Trustee's Motion to Modify Confirmed Plan" (Docket No. 90). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Russel W. Edgley and Lenda M. Edgley ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 11, 2006. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

Debtors' plan (Docket No. 48) was confirmed, by order entered January 25, 2007 (Docket No. 59). Concurrently with the filing of their plan, Debtors filed amended Schedules I and J. Debtors' amended schedule I indicates that Debtors have combined

net monthly income of $4,997.62, and monthly expenses of $1,936.00, a difference of $3,061.62.  Debtors' Schedule I indicates that Debtors intend to fund the plan with the sale or refinance of their home.  (Docket NO. 47).

Debtors' plan provides for Debtors to make one payment of $2,600, four payments of $3,000 each, 54 payments of $3,060 each, and a final payment of $67,000 (for a total of $246,740), to the Chapter 13 Trustee for distribution to creditors. These payments were scheduled to occur during the period from June, 2006 through May, 2011.  Debtors projected a distribution of $427.55 to unsecured creditors.  (Docket No. 48).

Debtors' plan provides for distribution of regular monthly mortgage payments of $1,536.09 per month to Wells Fargo Home Mortgage ("Wells Fargo"), and distribution of a total of $29,778.28 over the life of the plan to pay an arrearage claim to Wells Fargo.

On June 5, 2006, Wells Fargo, through its counsel, filed a proof of claim, in the amount of $127,183.74, of which it asserted $21,204.68 was in arrears on the petition date.  (Claim No. 4-1).[1]

---

[1] Although Wells Fargo amended its proof of claim on October 16, 2006, the amendment does not change either the total amount or the arrearage amount asserted.  Debtors initially objected to Wells Fargo's proof of claim, but subsequently withdrew their objection.

On October 12, 2010, Trustee filed the instant motion to modify. Trustee states in the instant motion that he has received a refund of $2,809.10 from Wells Fargo, and that he has been advised by Wells Fargo that the refund is due to an overpayment of the regular monthly mortgage payments. Trustee seeks to apply the refund to increase the distribution due to other creditors.

Debtors oppose the motion. Debtors assert that the refund should be applied to reduce the payment due in the 60th month of the plan, rather than increasing the distribution to creditors.

Russel Edgley testified that the confirmed plan contemplated that Debtors would sell or refinance their home, in order to make the payment called for during the 60th month under the plan. He testified that Debtors still intend to refinance their home. He testified that Debtors were never notified by Wells Fargo of an adjustment to Debtors' regular monthly mortgage payments. He testified that he would not be surprised to know that Wells Fargo had adjusted the payment amount.

Conclusions of Law

Section 1329(a) of the Bankruptcy Code provides in pertinent part:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
>
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
> * * *
>
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. §§ 1329(a)(1), 1329(a)(3).

Modification is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly. In re Meza, 467 F.3d 874 (5th Cir. 2006).

In the instant case, in addition to applying their projected disposable income to make payments under the plan, Debtors agreed to sell or refinance their home, in order to make all the payments called for under the plan. Since the date of confirmation of the plan, there has been a change in circumstances, in that the amount of the regular monthly mortgage payment apparently has been reduced. This change in Debtors' expenses did not occur as a result of Debtors' actions to reduce

expenditures. Rather, it appears to have occurred entirely without Debtors' awareness. The requirement that Debtors commit their projected disposable income to the plan remains effective. The refund should inure to the benefit of creditors. The court concludes that the proposed modification should be approved.

Signed at Houston, Texas on December 27, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE